Morris A. Staff v. Commissioner.
Staff v. Commissioner
Docket No. 47969.
United States Tax Court
T.C. Memo 1954-59; 1954 Tax Ct. Memo LEXIS 187; 13 T.C.M. (CCH) 518; T.C.M. (RIA) 54165; June 10, 1954, Filed Joseph F. Lawless, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The Commissioner determined deficiencies in income tax for the years 1944 and 1945, and he increased the deficiencies by 50 per cent under section 293(b) of the Code as follows: Year
Deficiency
Sec. 293(b)
1944
$130,131.90
$65,065.60
1945
147,424.58
73,712.29
The petitioner does not contest the determinations of the deficiencies or the amounts thereof. The only question to be decided is whether any part of each deficiency was due to fraud with intent to evade tax within the provisions of section 293(b) of the Internal Revenue Code. Findings of Fact The petitioner was a resident *188 of New York City during the taxable years. He filed his income tax returns for the taxable years with the collector for the fourteenth district of New York. The petitioner, during the taxable years, was engaged in business as a jobber of slide fasteners. The petitioner reported in his return for 1944 adjusted gross income in the amount of $4,104.52. In his return for 1945, he reported net income in the amount of $5,259.30. The petitioner adopted a practice during 1944 and 1945 of doing business under his own name and under the assumed names of George Mandel, Philip Ginsberg, and Arthur Allen. He received income from sales in 1944 and 1945, which he did not report for Federal income tax, from sales made under his assumed names as follows: Income from Sales
Assumed Name
Under Assumed Names
1944
1945
George Mandel
$76,108.84
$37,627.73
Philip Ginsberg
82,403.98
81,851.74
Arthur Allen
0
47,304.20
The petitioner made sales in 1944 and 1945 under his own name which were in excess of the amounts reported in his Federal income tax returns. The actual sales for each year, the amounts shown by his books, and the excess of actual sales over those *189 shown by his books were as follows: Sales Under the Name of Morris A. Staff
Sales
Excess of
Year
Actual Sales
Per Books
Actual Sales
1944
$ 8,936.60
$ 4,081.96
$ 4,854.64
1945
56,895.83
45,016.87
11,878.96
In 1945, petitioner overstated the amount of merchandise purchases in the amount of $2,357. The petitioner's actual income for 1944 and 1945 was not fully disclosed or correctly set forth in his accounting books and records, and such books and records were kept in such manner as to conceal the total amount of the true income which he received. The petitioner adopted a course of conduct in 1944 and 1945 which constituted a deliberate and wilful scheme to evade the payment of Federal income taxes upon his true and correct taxable income. His failure to report in his returns for 1944 and 1945 the income received from sales which he made under assumed names, his understatement of actual sales made under his own name, and his overstatement of the amount of purchases of merchandise in 1945 caused understatements of actual taxable income for 1944 and 1945. On June 1, 1951, in the United States District Court for the Northern District of New *190 York, the petitioner was indicted by a Grand Jury on two counts for wilfully attempting to defeat and evade a large part of the income tax due and owing by him for 1944 and 1945 by filing a false and fraudulent income tax return for each of those years. In July of 1952, the petitioner was tried and found guilty of the offense of unlawfully attempting to defeat and evade a large part of the income taxes due by him for 1944 and 1945 by filing a false and fraudulent return for each of those years in violation of section 145(b), Title 26, U.S. Code. He was sentenced on July 8, 1952 on each count to confinement for three years, each sentence to run concurrently, in a Federal penitentiary; and he was committed to the penitentiary at Lewisburg, Pennsylvania on July 18, 1952. Fines were imposed, also, on each count. Each income tax return for 1944 and 1945, of the petitioner, was false and fraudulent with intent to evade tax. All or part of the deficiency for 1944, and all or part of the deficiency for 1945 was due to fraud with intent to evade tax. Opinion No appearance was made in behalf of the petitioner in this proceeding. Since he has not contested the deficiencies, in which matter *191 the petitioner has the burden of proof, we sustain the determinations of the deficiencies by the Commissioner for each year. The Commissioner has fully discharged his burden of proving that all or a part of each deficiency in income tax for 1944 and 1945 was, under section 293(b) of the Internal Revenue Code, due to fraud with intent to evade tax. Therefore, we sustain the 50 per cent increase in the deficiency for each year. Decision will be entered for the respondent.